IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANNY COVINGTON,<br><br>                Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERAN AFFAIRS, Office of Regional Counsel<br><br>                Defendant. | 1:15-cv-3176-WSD |

**OPINION AND ORDER**

This matter is before the Court on the required frivolity review of Plaintiff Danny Covington's ("Plaintiff") Complaint [3] pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.   **BACKGROUND**

On September 10, 2015, Plaintiff, *pro se*, filed his Application for Leave to Proceed *In Forma Pauperis* [1] ("Application"). On September 16, 2015, Magistrate Judge Russell G. Vineyard granted [2] Plaintiff's Application, and forwarded Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In his Complaint [3], Plaintiff alleges that, after a 2007 bicycle accident, he was taken to a Department of Veterans Affairs ("VA") hospital, where surgery was performed. (Compl. at 2). The surgeon inserted three pins in Plaintiff's left hip. (Id.). After six months, Plaintiff returned to the VA hospital, and the doctor informed him that, since the pins were not bothering Plaintiff, he would not remove the pins. (Id.).

Plaintiff alleges that "[t]his continued, over and over for 5 $\frac{1}{2}$ years." (Id.). In 2013, after his left leg became swollen, he went back to the VA hospital emergency room, complaining of pain. (Id.). The doctor took a "long needle, tr[i]ed to deaden the hip. He took a long needle and inserted, nothing but pus and blood was in the needle." (Id.). The doctor performed surgery two days later. (Id. at 3). The doctor performed a second surgery two days after the first. (Id.). A third surgery was performed nine days after the second, and a fourth surgery was performed several weeks later. Plaintiff alleges that, after the fourth surgery, he still felt swelling and weakness in his left leg, and a fifth surgery was performed, after which the symptoms continued. (Id.).

Plaintiff eventually went to a private doctor, a "Dr. Drew," who explained to him that the VA hospital doctors did not properly perform the prior surgeries, including because:

2

    (1)    They didn't overlap a muscle in the left hip[;]

    (2)    They didn't insert a relief tube in case of infection buildup, to urinate [sic] the infection out[;]

    (3)    The orthopedic doctor prescribed bacterin for 6 mths [sic] and the vacominize [sic] for 6 wks [sic], twice daily.

(Id. at 4). Plaintiff alleges his symptoms have improved since his treatment by Dr. Drew, however, as a result of his prolonged injuries, he has back pain and cannot walk long distances. (Id.). He seeks $150,000 in damages and "VA benefits of 100% disable [sic] status non service related or 3000.00 [sic] monthly." (Id.).

Plaintiff included with his Complaint a "Claim for Damage, Injury, or Death" he submitted to the VA. (Id. at 6-7 (the "Claim")). The Claim is dated May 8, 2014. (Id. at 7).

## II.    DISCUSSION

### A.    Standard of Review

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc.,

366 F. App'x 49, 51 (11th Cir. 2010) (citing <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  <u>See Miller v. Donald</u>, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993) (quoting <u>Neitzke</u>, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B. Analysis

Plaintiff's Complaint, construed liberally, appears to state a claim for medical malpractice against the VA.  Plaintiff's medical malpractice claim must be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq.  The FTCA creates a limited waiver of the sovereign immunity of the United States to suits in tort.  Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006).  "An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate

Federal agency and his claim shall have been finally denied by the agency[.]"  28 U.S.C. § 2675(a).  In addition, "the lawsuit must be commenced within six months after the receipt of a final agency decision."  Phillips v. United States, 260 F.3d 1316, 1317 (11th Cir. 2001).

Further, "[t]he administrative claim must be filed within two years from the time the claim accrues and must be 'accompanied by a claim for money damages in a sum certain.'"  Dalrymple, 460 F.3d at 1324 (quoting 28 C.F.R. § 14.2(a); 28 U.S.C. §§ 2675, 2401(b)).  "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).  A medical malpractice claim accrues "when the plaintiff knows both the existence and the cause of his injury," even if he does not yet know that "the acts inflicting the injury may constitute medical malpractice."  McCullough v. United States, 607 F.3d 1355, 1358 (11th Cir. 2010) (quoting United States v. Kubrick, 444 U.S. 111 (1979)).

The Claim Plaintiff attached to his Complaint does not provide sufficient information to show whether he has exhausted his administrative remedies, because it does not show whether his claim was "finally denied by the [VA]."  28 U.S.C. § 2675(a).  Because the Court does not know if, or when, the VA rendered a final decision, the Court also does not know whether Plaintiff filed his Complaint

"within six months after the receipt of a final agency decision." Phillips, 260 F.3d at 1317.  Thus, the Court lacks sufficient information to determine whether it has jurisdiction over this action.  Plaintiff is required to file an Amended Complaint, on or before April 15, 2016, stating whether he has exhausted his administrative remedies, including by stating the date on which the VA made a final decision denying his claim.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Danny Covington shall, on or before April 15, 2016, file an Amended Complaint stating whether he has exhausted his administrative remedies, including by stating the date on which the VA made a final decision denying his claim.  Failure to comply with this Order shall result in dismissal of this action pursuant to Local Rule 41.3A(2).

**SO ORDERED** this 23rd day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE