IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANNY COVINGTON,

                Plaintiff,

v.

DEPARTMENT OF VETERAN
AFFAIRS, Office of Regional
Counsel

                Defendant.

1:15-cv-3176-WSD

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff Danny Covington's ("Plaintiff") Complaint [3] and Amended Complaint [5] pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.  BACKGROUND

On September 10, 2015, Plaintiff, *pro se*, filed his Application for Leave to Proceed *In Forma Pauperis* [1] ("Application"). On September 16, 2015, Magistrate Judge Russel G. Vineyard granted [2] Plaintiff's Application, and forwarded Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In his Complaint [3], Plaintiff alleges that, after a 2007 bicycle accident, he was taken to a Department of Veterans Affairs ("VA") hospital, where surgery was performed. (Compl. at 2). The surgeon inserted three pins in Plaintiff's left hip. (Id.). After six months, Plaintiff returned to the VA hospital, and the doctor informed him that, since the pins were not bothering Plaintiff, he would not remove the pins. (Id.).

Plaintiff alleges that "[t]his continued, over and over for 5 $\frac{1}{2}$ years." (Id.). In 2013, after his left leg became swollen, he went back to the VA hospital emergency room, complaining of pain. (Id.). The doctor took a "long needle, tr[i]ed to deaden the hip. He took a long needle and inserted, nothing but pus and blood was in the needle." (Id.). The doctor performed surgery two days later. (Id. at 3). The doctor performed a second surgery two days after the first. (Id.). A third surgery was performed nine days after the second, and a fourth surgery was performed several weeks later. Plaintiff alleges that, after the fourth surgery, he still felt swelling and weakness in his left leg, and a fifth surgery was performed, after which the symptoms continued. (Id.).

Plaintiff eventually went to a private doctor, a "Dr. Drew," who explained to him that the VA hospital doctors did not properly perform the prior surgeries, including because:

2

> (1)   They didn't overlap a muscle in the left hip[;]
>
> (2)   They didn't insert a relief tube in case of infection buildup, to urinate [sic] the infection out[;]
>
> (3)   The orthopedic doctor prescribed bacterin for 6 mths [sic] and the vacominize [sic] for 6 wks [sic], twice daily.

(Id. at 4).  Plaintiff alleges his symptoms have improved since his treatment by Dr. Drew, however, as a result of his prolonged injuries, he has back pain and cannot walk long distances.  (Id.).  He seeks $150,000 in damages and "VA benefits of 100% disable [sic] status non service related or 3000.00 monthly."  (Id.).

Plaintiff included with his Complaint a "Claim for Damage, Injury, or Death" he submitted to the VA.  (Id. at 6-7 (the "Claim")).  The Claim is dated May 8, 2014.  (Id. at 7).

On March 23, 2016, the Court ordered [4] Plaintiff to file, on or before April 15, 2016, an Amended Complaint.  The Court found that Plaintiff's Complaint did not provide sufficient information to show whether he has exhausted his administrative remedies, because it did not show whether his claim was finally denied by the VA.  (March 23, 2016, Order at 6).  The Court required Plaintiff's Amended Complaint to state whether he has exhausted his

administrative remedies, including by stating the date on which the VA made a final decision denying his claim.

On March 29, 2016, Plaintiff filed his Amended Complaint. It includes a cover sheet stating "Amended! All efforts exhausted + [sic] includes unpaid medical bills, with attachment letter from Dept [sic] of Veterans Affairs DTD [sic] March 17, 2015[.]" (Am. Compl. at 1). The attached letter from the VA states that the VA reviewed Plaintiff's claim, and determined that there "was no negligent or wrongful act on the part of an employee of the Department of Veterans Affairs (VA) acting within the scope of his or her employment. Accordingly, we deny your claim." (Id. at 4). The letter also states that Plaintiff may appeal this final decision under the Federal Tort Claims Act within six months. (Id. at 5). The letter cautions that "the proper party defendant is the United States, not the Department of Veterans Affairs." (Id.).

**II.   DISCUSSION**

    A.   Standard of Review

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for

failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.   Analysis

Plaintiff's Complaint appears to state a claim for medical malpractice against the VA.  Plaintiff's medical malpractice claim must be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq.  The FTCA creates a limited waiver of the sovereign immunity of the United States to suits in tort.  Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006).  "An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and

his claim shall have been finally denied by the agency[.]" 28 U.S.C. § 2675(a).  In addition, "the lawsuit must be commenced within six months after the receipt of a final agency decision."  Phillips v. United States, 260 F.3d 1316, 1317 (11th Cir. 2001).

The VA denied Plaintiff's claims on March 17, 2015.  Plaintiff filed his Complaint on September 10, 2015, which is within the six-month period allowed under 28 U.S.C. § 2675(a).  Plaintiff's action is thus timely.

Plaintiff's Amended Complaint, however, fails to comply with the requirements of Federal Rules of Civil Procedure 8 and 10.  Rule 8(a) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and "a demand for the relief sought[.]"  Fed. R. Civ. P. 8(a).  Plaintiff's original Complaint contains this information, but his Amended Complaint does not contain any information regarding his claims.  Rule 8 also provides that a complaint must contain a "short and plain statement of the grounds for the court's jurisdiction[.]"  Fed. R. Civ. P. 8(a)(1).  Neither Plaintiff's original Complaint nor his Amended Complaint states that he proceeds under the Federal Tort Claims Act.  In addition, as the VA's letter of denial cautioned, "the proper party defendant is the United States, not the Department of Veterans Affairs."

(Am. Compl. at 5).  Plaintiff is required to bring this action against the United States, not the VA.

Further, Rule 10 of the Federal Rules of Civil Procedure provides that a party "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Neither Plaintiff's original Complaint nor his Amended Complaint complies with this requirement.  Though a complaint filed *pro se* should be construed liberally, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith, 146 F. App'x at 371.

The Court will allow Plaintiff a final opportunity to cure his deficient pleadings.  Plaintiff is required to file, on or before April 22, 2016, a Second Amended Complaint that complies with the requirements of the Federal Rules of Civil Procedure.  Plaintiff is required to include in his Second Amended Complaint (i) a complete statement of his claims, (ii) the facts underlying his claims, (iii) the basis for the Court's jurisdiction, and (iv) all other information required to show that he is entitled to relief.  The Second Amended Complaint shall have attached to it a copy of the VA's letter denying Plaintiff's claims.  Plaintiff's claims and the facts underlying his claims shall be contained in separate, numbered paragraphs.

Plaintiff shall bring his claims against the United States, not the VA. No further amendments will be allowed.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Danny Covington shall file, on or before April 22, 2016, a Second Amended Complaint that complies with the requirements of the Federal Rules of Civil Procedure. Plaintiff is required to include in his Second Amended Complaint (i) a complete statement of his claims (ii) the facts underlying his claims, (iii) the basis for the Court's jurisdiction, and (iv) all other information required to show that he is entitled to relief. The Second Amended Complaint shall have attached to it a copy of the VA's letter denying Plaintiff's claims. Plaintiff's claims and the facts underlying his claims shall be contained in separate, numbered paragraphs. Plaintiff shall bring his claims against the United States, not the VA. No further amendments will be allowed.

**SO ORDERED** this 30th day of March, 2016.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE